IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWIN HORTON WITHERSPOON JR., | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-783-P |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Edwin Horton Witherspoon Jr., a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

**I. BACKGROUND**

Petitioner is a pretrial detainee awaiting trial on criminal charges in Tarrant County, Texas, Case Nos. 1604557D, 1604567D, and 1618514D.[1] Pet. 1-2, 60-63,[2] ECF No. 1. Petitioner raises the following four grounds for relief, verbatim:

(1)    Was there an unconstitutional denial of the right to a speedy trial and a petition thereafter to dismiss on that denial which is a fundamental

---

[1] The Tarrant County Sheriff's Office website indicates that Petitioner is also confined subject to a parole violation hold. *See* Tarrant County, Texas, Inmate Search, https://inmatesearch.tarrantcounty.com/Home/Details (last visited November 19, 2020).

[2] The pagination in the ECF header is used.

      constitutional right;

(2)    Was there an unconstitutional denial of the right to an examing [sic] trial when the Honorable Michael Thomas didn't grant the request thus denying a fundamental constitutional right;

(3)    Was there an unconstitutional denial of the right to discovery and full disclosure when the Honorable Michael Thomas denied Petitioner's request thus denying a fundamental constitutional right;

(4)    Was there an unconstitutional denial of the right for reduction of bail when the Honorable Michael Thomas denied or ignored the request thus denying a fundamental constitutional right.

Pet. 7-8, ECF No. 1.

Respondent asserts that the Court lacks subject matter jurisdiction over the petition because Petitioner has failed to exhaust his state-court remedies as to the grounds raised. Resp't's Resp. 1, ECF No. 8.

## II. DISCUSSION

A state pretrial detainee may raise constitutional claims in a federal habeas-corpus proceeding under § 2241 by satisfying two requirements. First, he must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). It is undisputed that Petitioner is "in custody" for purposes of § 2241.

Second, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order

to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus in a procedurally correct manner. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of a constitutional claim(s) before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of pending state proceedings by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner has not fairly presented the substance of his federal claims to the Texas Court of Criminal Appeals by way of a properly filed pre-conviction application for writ of habeas corpus. Instead, he sought leave to file an original application for writ of habeas corpus in the Texas Court of Criminal Appeals, which was denied, and filed a pro se writ of habeas corpus with the state district clerk's office on August 26, 2020, which remains pending in the trial court at this time. Resp't's Resp. 13, 51, 76, ECF No. 8. As such, the

state's highest court has not yet been afforded a fair opportunity to consider and rule on the merits of Petitioner's claims. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will, abstain from considering Petitioner's claims out of deference to the state courts.

In summary, Petitioner has not satisfied the exhaustion requirement or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this time. Petitioner must first pursue his available state-court remedies through completion before seeking relief under § 2241. Accordingly, dismissal of this petition for failure to exhaust state remedies is appropriate.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice for failure to exhaust state-court remedies. Further, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 19th day of November, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE